J. A06010/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| M.C.P. | : | IN THE SUPERIOR COURT OF | |
| Appellant | : | PENNSYLVANIA | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| D.M.K. | : | | |
| | : | | |
| | : | | |
| | : | | |
| Appellee | : | No.1828 MDA 2015 | |

Appeal from the Order Entered October 2, 2015
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2011-3195

BEFORE: LAZARUS,J., STABILE,J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.                    **FILED MARCH 08, 2016**

Appellant ("Father") and Appellee ("Mother") are the parents of Child born April 25, 2009. Mother and Father entered into a mediated custody agreement providing joint legal custody and 50/50 shared physical custody. The court approved the agreement as a final custody order on February 3, 2012.

On September 19, 2012, Father filed a Petition to Modify Custody Order, seeking primary physical custody. The court ordered the parties to undergo psychiatric and custody evaluations. Numerous delays followed. Finally, in December 2014, Psychologist Dr. Arnold Shienvold completed the evaluation and submitted a report. On February 5, 2015, Father filed a Praecipe for Custody Conference based on his 2012 Petition for Modification.

Following a March 2015 conference, the trial court held a half-day hearing in July 2015.

At the hearing, Dr. Shienvold, Mother, and Father testified. Dr. Shienvold testified that the parties each provided Child with more than adequate parenting and that he had no major concerns for Child. He opined that the February 2012 agreement should continue with shared custody, provided Mother and Father get therapy to learn to co-parent Child.

At the end of the hearing, the court observed that, even though Child is doing well, the parents' antagonism was prohibiting them from positive communication and healthy co-parenting. The court recommended that the parties continue their individual therapy and "that eventually we meet again." N.T., 7/20/15, at 98, R.109a.

> What I want to do is continue this for a few months to allow your therapy to progress with the idea that when you come back we are going to figure out an appropriate provider to pull the two of you together in the same room and start[ ] counseling between the two of you so that you are able to better communicate and be parents.
>
> * * *
>
> So I want to let this – the therapy progress and I think what we will do is meet again in a conference, I don't know, two months from now. I want to see both parties continue with the therapy.
>
> * * *
>
> All right. So I will see you all in a couple months. I will schedule a conference and we will see how it goes.

*Id*. at 98 - 103, R.109a-114a.

No one objected to the court's continuance at the hearing or at any time thereafter. On July 30, 2015, the court entered an order scheduling a custody conference for September 23, 2015.

Notwithstanding the court's continuance of the matter, on September 17, 2015, Father filed a "Motion for Orders" seeking written findings and rulings on Father's 2012 Petition to Modify Custody, and stating that the court "has an obligation to issue prompt decisions regarding custody within fifteen (15) days of the date upon which the trial is concluded. Pa.R.C.P. 1915.4(d)." **See** "Motion for Orders," dated 9/17/15, at 10.

On October 2, 2015, the court denied Father's Petition to Modify Custody Order. The Order was not accompanied by a written memorandum specifying the terms and conditions of custody and addressing the best interests of the child in accordance with 23 Pa.C.S. §5328(a)(1)-(16). Father filed a Notice of Appeal, asserting, *inter alia*, trial court error in its alleged failure to issue a final custody order in a timely manner and in failing to consider the Section 5328 factors.

Although the trial court had continued the matter, when it issued its October 2, 2015 Order in response to Father's Motion for Orders, the court was required, *inter alia*, to provide an analysis of each of custody factors enumerated in §23 Pa.C.S. §5328(a)(1)-(16). **See A.M.S. v. M.R.C.**, 70 A.3d 830, 836 (Pa. Super. 2013). Accordingly, we are compelled to vacate the Order and remand for further findings of fact.

J. A06010/16

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016